# 𝔚𝔥𝔢𝔢𝔩𝔦𝔫𝔤.

## MATHEW P. WYATT *vs.* BENJAMIN P. MORRIS, *et al.*

### July Term, 1865.

A judgment was rendered against W. in December, 1857. Before the expiration of five years, to-wit: in 1861, he was arrested by the rebel authorities of the late so-called Confederate States of America, because of his adherence to the re-organized government of Virginia, at Wheeling, and carried to Richmond, Virginia, and detained in close confinement until after the expiration of five years from the date of the judgment against him. On the 26th day of January, 1865, he obtained a supersedeas from the supreme court of appeals of West Virginia to the judgment of December, 1857. A motion to dismiss the appeal as improvidently awarded because more than five years had elapsed between the judgment and the granting of the appeal, was overruled.[*]

This cause arose in *Kanawha* county, and was a controversy, concerning land, between *Benjamin P. Morris and others*, and *M. P. Wyatt*. A trial was had and judgment rendered on verdict for the plaintiffs at the December term, 1857, of the circuit court of that county. No supersedeas was applied for by the defendant, *Wyatt*, up to 1861, although he had taken exceptions to the ruling of the court during the progress of the trial. At the breaking out of the late rebellion *Wyatt* was loyal, and became an office holder under the restored government of *Virginia* as reorganized at *Wheeling*, and during his term of office, to-wit: in the year 1861, and before five years had expired from the date of the judgment of the circuit court, he was captured by the rebel troops, carried to *Richmond* and kept in close confinement until after the expiration of said five years. By the law in force at the time, Code of Virginia, chap. 182, sec. 3, the period of application for a writ of error, appeal, or supersedeas was limited to five years. The legislature of West Virginia, on the 20th day of July, 1863, (see

[*] See Code of Virginia, 1860, chap. 182, sec. 3; and Acts of Legislature of West Virginia, 1863, chap. 17, sec. 6; and Acts, 1865, chap. 81.

Session Acts, chap. 17, sec. 6,) extended the time for such application, where it had expired after the 17th day of April, 1861, or might thereafter expire before the close of the first term of the supreme court of appeals of West Virginia held in the year 1864, to the close of the first term held in 1865, which began on the 2nd Thursday of January. By a subsequent act passed March 1st, 1865, it was provided that, in computing the time within which any civil suit, proceeding or appeal should be barred by the statute of limitation, the period from the 17th day of April, 1861, to the date of the passage of the act, *i. e.*, March 1st, 1865, should be excluded from such computation.

*Wyatt* applied to this court for a supersedeas, which was granted on the 26th day of January, 1865. At the July term, 1865, the defendants in error moved to dismiss the appeal as having been improvidently awarded, because at the time when allowed more than five years had elapsed since the rendition of the judgment. The motion was overruled, the court pronouncing an oral opinion, and the case being dismissed agreed at the January term, 1868, it was ordered to be reported without further note.

*G. H. Lee* for the defendants in error.

On the point taken that the legislature had no right to pass an act destroying a vested right, he cited Bract. Dig., 50, 17; 1 Kent Com., 455; 9 Bac. Ab. "Statute," C., page 221; 1 Black. Com., 44; *Ogden* vs. *Blacklidge*, 2 Cranch, 272; *Dash* vs. *Van Kleeck*, 7 Johns., 505; *Fisher* vs. *Cockerill*, 5 Mun., 129; *Osborne* vs. *Huger*, 1 Bay, 179; *Sturges* vs. *Crowninshield*, 4 Wheat, 207; *Fletcher* vs. *Peck*, 6 Cranch; *Day* vs. *Pickett*, 4 Mun., 109, opinion of *Roane, J.*; *Calder* vs. *Bull*, 3 Dall., 386; *Eakin* vs. *Raub*, 12 Sergt. & Rawle, 330, opinion of *Duncan, J.*; Sedgwick on Stat. & Const. Law, chap. 5.

He also cited Sedgwick, 134, 168, *et seq.*; *Woart* vs. *Winnick*, 3 N. H., 473; *Staniford* vs. *Barry*, 1 Aiken, 315; *Bradford* vs. *Brook*, 2 Aiken, 284; *Bates* vs. *Kimball*, 2 Chapman, 73; *Hill* vs. *Town of Sutherland*, 3 Vermont, 507; *Morrill* vs.

*Sherburne*, 1 N. H., 190; *Holden* vs. *James*, 11 Mass., 396; *Hawkins* vs. *Campbell*, 1 English, 572; *McCabe* vs. *Emerson*, 6 Harr., Pa. Rep., 111.

He held that the legislature did not possess absolute and unlimited control over the remedy as contradistinguished from the right. He cited *Call* vs. *Hayger*, 8 Mass., 630; *Prop. Kennebec Purchase* vs. *Laboree*, 2 Greenl., Rep., 294; *Society* vs. *Wheeler*, 2 Gallis, 141, per *Marshall, C. J.* The converse was the true doctrine. *Bedford* vs. *Shelling*, 4 Serg. & Rawle, 401; *Duffield* vs. *Smith, Idem*, 590; *Roller* vs. *Palmer*, 1 Hill, 326; *Oriental Bank* vs. *Freeze*, 18 Maine, 109; *Austin* vs. *Stephens*, 24 Maine, 520; *Weiss* vs. *Peck*, 25 Vermont, 41; *State* vs. *Auditor*, 23 Missouri, 19; *Lewis* vs. *Webb*, 3 Greenl. Rep., 326; *Durham* vs. *Lewiston*, 4 *Idem*, 140; *Satterlee* vs. *Mathews*, 2 Peters, 380, opinion of *Johnson, J.*; 3 *Idem*, 280.

The doctrine that a court might interpolate implied or equitable exceptions to a statute, had been repudiated. Sedgwick, 321; *McIver* vs. *Ragan*, 2 Wheat, 25.

The act of July 30th, 1863, was in conflict with the 1st section of the IX article of the Constitution of West Virginia. *Greene* vs. *Biddle*, 6 Wheat, 1.

*Lamb & Paull* for the plaintiff in error.

The act of July 20th, 1863, is not unconstitutional. See analogous cases, 1 Call, 194; 4 Mun., 109; 3 Peters, 289. See also 8 Peters, 110; 17 Howard, 463; 2 Paine, 74; 10 Howard, 401; 2 Peters, 412; Brightly's Dig., page 5, note I, and page 6, note C. Whatever belongs to the *remedy* may be altered, provided the obligations of contracts not impaired. 1 Howard, 316; 2 Rand., 303; 5 Lit. Rep., 285; 3 Peters, 390; 5 *Idem*, 457; 8 Howard, 168; 12 Wheat, 370; Joynes on Lim., pages 15, 17; 13 East; 2 Barn. & Adolph., 413; 4 Harr. & Johns., 495; 5 Wend., 257; 8 Wend., 600; *Sulden* vs. *Van Rensaller*, 9 Wend., 293; *McClung* vs. *Silliman*, 3 Peters, 270; 2 Tuck. Com., 155; 3 Call, 514.

A debt barred by statute of limitations may be revived by acknowledgement. 2 Tuck. Com., 155; 1 Salk, 29; 16

| July Term, | Wyatt *vs.* Morris *et al.* | 1865. |
|---|---|---|

East, 420; 2 Term Rep., 762; 7 Gratt., 391; 2 Mun., 316. The laws of the State are to govern the remedies. "*Actor sequitor forum rei.*" And in the language of Chancellor Kent, 2 Kent Com. 462, 463, "the *lex loci* acts on the right; the *lex fori* on the remedy." *LeRoy* vs. *Beard*, 8 Howard, 451; *Ingraham* vs. *Arnold*, 1 J. J. Marsh., 407; 2 Rand., 303; *McElmoyle* vs. *Copen*, 13 Peters, 312; *Townsend* vs. *Jameson*, 9 Howard, 407; *DeLavega* vs. *Vienna*, 1 Barn. & Adolph., 248; *Smith* vs. *Spinola*, 2 Johns., 198; *Atwater* vs. *Townsend*, 4 Conn., Rep., 47; *Wood* vs. *Malin*, 5 Halsted's Rep., 208.; *Morris* vs. *Edes*, 11 Martin's La. Rep., 730; *Finley* vs. *Vigier*, 1 Bing. N. C. Rep., 151; *Henry* vs. *Sargeant*, 13 N. H. Rep., 321; 5 Lit. Rep., 285; *Estes* vs. *Kyle*, 1 Meigs' Tenn. Rep., 34; 2 Rand., 303; Story on Conflict of Laws, 487; *Kitty* vs. *Fitzhugh*, 4 Rand., 600; *Ruggles* vs. *Keeler*, 3 Johns., 264.

It is no objection that the appeal bond was not given within five years from the date of the judgment. See *Overstreet* vs. *Marshall*, 3 Call, 192; *Pugh's ex'r* vs. *Jones*, 6 Leigh, 299; *Williamson* vs. *Gayle*, 4 Gratt., 180; also *Levasser* vs. *Washburne*, 11 Gratt., 586.

But if the act of July 30th, 1863, had never been passed ought the legal rights of the plaintiff in error to be lost, because, after having been loyal to the nation, the government could not protect him from the violence of its enemies? Must the wrongful right strengthen and become perfect because of the misfortunes which overwhelmed him for his fidelity to the goverment in its greatest hour of peril?

MOTION TO DISMISS OVERRULED.